**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 9, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DAVID S. THOMAS,

     Plaintiff - Appellant,

v.

NEW MEXICO CORRECTIONS
DEPARTMENT; JOE ROMERO,
Warden; JAMES
LECHALT, Grievance Officer;
CHARLIE MARTINEZ, Correctional
Officer/Property Officer; ERMA
SEDILLO, Deputy Secretary of
Operations,

     Defendants-Appellees.

No. 06-2224
(D.C. No. CIV-06-0514 MV/LCS)
(D. N. M.)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, Chief Judge, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

---

[*]    This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1. After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

David Savoy Thomas, a New Mexico prisoner appearing pro se, appeals the district court's dismissal of his 42 U.S.C. § 1983 claim. He also seeks leave to proceed in forma pauperis (IFP) on this appeal. We exercise jurisdiction under 28 U.S.C. § 1291. Reviewing Mr. Thomas's filings liberally,[1] we conclude that Mr. Thomas cannot prevail on the facts he has alleged. We **AFFIRM** the district court's dismissal of his claim and **GRANT** Mr. Thomas IFP status.

## I. BACKGROUND

We draw the relevant facts from the averments of Mr. Thomas's complaint. On June 4, 2004, Mr. Thomas was released from federal prison into the custody of the State of New Mexico. During intake proceedings at the Central New Mexico Corrections Facility ("CNMCF"), Mr. Thomas repeatedly requested to mail his personal property home at his own expense. A CNMCF property officer, Officer Martinez, responded to Mr. Thomas's requests by informing him that the institution did not allow inmates to mail their personal property home, and Mr. Thomas could donate his property or it would be destroyed. Officer Martinez then asked Mr. Thomas to sign a property disposition sheet. Mr. Thomas refused to sign the sheet and claimed that it was inaccurate. Mr. Thomas was later given

---

[1] Because Mr. Thomas is proceeding pro se, we review his pleadings and filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Howard v. U. S. Bureau of Prisons*, 487 F.3d 808, 815 (10th Cir. 2007).

a CNMCF inmate handbook. Upon reading the handbook, he learned Officer

Martinez had violated CNMCF policy by refusing to mail his personal property.

Mr. Thomas sought to informally settle the issue with CNMCF officials.

When that failed to resolve the matter, he filed a grievance on June 21, 2004. A

month later, after receiving no response on his initial grievance, he filed a second

grievance. On July 27, 2004, Mr. Thomas was told that his grievance was denied

based on the property disposition sheet. Mr. Thomas alleges that his signature

had been forged on this sheet. Mr. Thomas appealed his grievance, and his appeal

was eventually denied. Mr. Thomas then filed a claim under the New Mexico

Tort Claims Act, which was eventually dismissed.

Mr. Thomas then filed this § 1983 action in the New Mexico District Court.

He made three claims: he was deprived of his property in a manner unlike

similarly situated prisoners, creating an equal protection claim; he was deprived

of his property without due process; and he was subjected to cruel and unusual

punishment. He also accused Officer Martinez of committing fraud under New

Mexico law by forging his signature on the property disposition sheet. Under 28

U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), the district court *sua sponte*

dismissed his complaint. Mr. Thomas then appealed to this court.[2]

---

[2]     Although Mr. Thomas's argument in his appeal focuses on the due process issue, the relief he requests is a remand so that his entire case can proceed. And, in his argument for review, he mentions the other issues raised

(continued...)

## II. DISCUSSION

Dismissals pursuant to Fed. R. Civ. P. 12(b)(6) and section 1915(e)(2) are reviewed de novo. *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999). For purposes of our review of the dismissal for failure to state a claim, we presume that Mr. Thomas's complaint allegations are true and construe them in the light most favorable to him. *Gillihan v. Shillinger*, 872 F.2d 935, 938 (10th Cir. 1989) (per curiam). However, "we are not bound by conclusory allegations, unwarranted inferences, or legal conclusions." *Hackford v. Babbitt*, 14 F.3d 1457, 1465 (10th Cir. 1994). Because Mr. Thomas is a pro se litigant, we also construe his pleadings liberally and hold him to less stringent pleading standards than those for pleadings drafted by lawyers. *Gillihan*, 872 F.2d at 938. Dismissal of his pro se complaint is proper only if it is obvious that he cannot prevail on the facts alleged and it would be futile to allow him to amend. *Perkins*, 165 F.3d at 806.

Regarding Mr. Thomas's due process claim, there is no deprivation of property unless the State does not offer an adequate postdeprivation remedy. Mr. Thomas acknowledges that Officer Martinez's actions were in violation of CNMCF policy. This makes Officer Martinez's actions the sort of unauthorized

---

[2](...continued)
below. Accordingly, construing his filings liberally, we consider his appeal to challenge all issues decided by the district court.

or random actions governed by *Hudson v. Palmer*, 468 U.S. 517 (1984), and *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). These cases hold that such a deprivation of property is not a due process violation if there is a meaningful postdeprivation remedy available. *Hudson*, 468 U.S. at 533; *Parratt*, 451 U.S. at 543-44.

Mr. Thomas alleges that the state relief is "bogus in nature" and suggests that the officials are immune from liability. Civil Rights Complaint, dated June 14, 2006, § B (Nature of the Case), at ¶ 22. However, the New Mexico State Tort Claims Act's grant of immunity does not apply to liability for a violation of property rights or the deprivation of any federal constitutional rights caused by "law enforcement officers while acting within the scope of their duties." N.M. Stat. Ann. § 41-4-12. Under New Mexico law, an employee of a local jail is considered a law enforcement officer for purposes of the Tort Claims Act. N.M. Stat. Ann. § 33-3-28(A). Construing Mr. Thomas's filing liberally, we can find no reason to consider the New Mexico remedy inadequate. Thus, an adequate postdeprivation remedy is available and there was no due process violation.

Regarding Mr. Thomas's equal protection claim, Mr. Thomas's conclusory allegations are not enough to state a claim. Mr. Thomas must allege that he was treated differently from similarly situated individuals. *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). Mr. Thomas only states that his

5

property was disposed of unlike similarly situated inmates and offers no additional information beyond that. This conclusory statement alone is insufficient to demonstrate that similarly situated persons were treated differently. *See Jennings v. City of Stillwater*, 383 F.3d 1199, 1209-10, 1213-14 (10th Cir. 2004).

Regarding Mr. Thomas's claim that he was subjected to cruel and unusual punishment, Mr. Thomas's allegations are not sufficiently grave to rise to the level of an Eighth Amendment violation. When inmates are deprived "of the minimal civilized measure of life's necessities" as measured under a contemporary standard of decency, there may be an Eighth Amendment violation. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). However, Mr. Thomas's claim that he was deprived of his personal belongings does not rise to this level. Mr. Thomas alleges neither that he was deprived of essential human needs nor that prison officials acted with deliberate indifference to inmate health or safety, and thus, he does not state a claim for cruel and unusual punishment. *See Perkins*, 165 F.3d at 809 ("An Eighth Amendment claim has both an objective component—whether the deprivation is sufficiently serious—and a subjective component—whether the official acted with a sufficiently culpable state of mind"); *Gillihan*, 872 F.2d at 941 ("Plaintiff, here, did not allege a deprivation of essential human needs. Rather, he alleged that he was deprived of 'what little luxury' he had. While such a deprivation may be 'restrictive and even harsh,' it

6

did not amount to the infliction of cruel and unusual punishment" (internal citation omitted)).

The district court also addressed a state fraud claim that was suggested by Mr. Thomas's pleadings. Because all federal claims had already been dismissed, the district court dismissed Mr. Thomas's state fraud claim without prejudice. This was an appropriate means of addressing the fraud claim and the district court did not err. *See Bauchman ex rel. Bauchman v. W. High Sch.*, 132 F.3d 542, 549 (10th Cir. 1997) ("If federal claims are dismissed before trial, leaving only issues of state law, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." (internal quotation marks and citation omitted)).

For the reasons stated above, the district court is **AFFIRMED**. We also **GRANT** Mr. Thomas's request to proceed in forma pauperis.  He is reminded of his obligation to continue making partial payments until the entire fee for this appeal is paid in full.

ENTERED FOR THE COURT


Jerome A. Holmes
Circuit Judge